**USX CORPORATION, et al., Plaintiffs,**

v.

**TIECO, INC., et al., Defendants.**

**Civil Action No. 95–C–3237–S.**

United States District Court,
N.D. Alabama,
Southern Division.

June 21, 1996.

Victor L. Hayslip, Peter A. Grammas, and C. Gregory Burgess, Burr & Forman, Birmingham, AL, and J.L. Chestnut, Jr., Chestnut Sanders Sanders & Pettaway, Selma, AL for USX Corporation and Heatherwood Golf Club, Inc.

Albert C. Bowen, Jr., Clyde E. Riley, Beddow Erben & Bowen, Birmingham, AL, George W. Andrews, III, J. Mark White, Linda G. Flippo, White Dunn & Booker, Birmingham, AL, for Tieco, Inc., Fletcher Yeilding, James B. Roberts, James Michael Walton, Eldred Burder Teague, Thomas Robinson and Pamela Hackbarth.

Albert C. Bowen, Jr., Beddow Erben & Bowen, Birmingham, AL and John W. Sudderth, Sudderth & Somerset, Birmingham, AL, for Edward Pyle.

Terry Price, R. David Proctor, Lehr Middlebrooks Price & Proctor P.C., Birmingham, AL, for Jeff Sessions and Edward F. McFadden.

## MEMORANDUM OF OPINION AND ORDER ON COUNSEL DISQUALIFICATION ISSUE

CLEMON, District Judge.

On June 17, 1996, counsel for defendants filed a "Motion for Hearing Concerning Rep-

resentation of Counterclaim Defendants Pursuant to *Robinson v. Boeing*." This Court treats the document as a Motion To Disqualify the new Birmingham, Alabama law firm of Lehr, Middlebrooks, Price & Proctor—one of whose partners is this judge's nephew, Terry Price.

The motion raises the pregnant question of whether the disqualification of this judge was a motivating factor in the decision of counterclaim defendant Attorney General Jeff Sessions and his Chief Investigator to hire that law firm.

On yesterday, June 20, 1996, Terry Price entered his appearance for Jeff Sessions, Attorney General of the State of Alabama; and for Edward F. McFadden, Chief Investigator for the Office of the Attorney General of the State of Alabama.

Section 455(b)(5)(ii) of the United States Judicial Code (Title 28) requires a judge to disqualify himself if a person within the third degree of relationship to him is acting as a lawyer in the proceeding. Terry Price, being the middle son of the oldest sister of this judge, falls into that category.

As the Fifth Circuit has observed and held:

".... If after seeing who the judge is or weighing his rulings for a period of years, a litigant could in effect veto the [assignment] and obtain a new judge by the simple expedient of finding one of the judge's relatives who is willing to act as counsel, it would become possible for any party to disrupt preparation for, or, indeed, the trial itself.

The drafters of § 455 warned that 'each judge must be alert to avoid the possibility that those who would seek his disqualification are in fact seeking to avoid the consequences of his expected adverse decision. [footnote omitted]. In light of Congress' intent and the needs of judicial efficiency, **we hold that counsel may not be chosen solely or primarily for the purpose of disqualifying the judge.** The district

court threatened with such maneuvers need not confine itself to grievance proceedings against errant counsel. 'A motion to disqualify counsel is a proper method for a party-litigant to bring the issue of conflict of interest or a breach of ethical duties to the attention of the court.' [footnote omitted]. Indeed, 'a District court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it.'" *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir.1976).[1] *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1264 (5th Cir.1983) (emphasis added).

Since this judge is automatically precluded from hearing the Motion to Disqualify the law firm chosen by the Attorney General and his Chief Investigator, consistent with *Robinson v. Boeing*, 79 F.3d 1053 (11th Cir.1996), the motion is hereby referred to the Clerk of this Court for reassignment to another judge of the Court consistent with the routine practices of the Court.[2] In the meanwhile, this judge shall proceed no further.

---

**1.** Since it was decided prior to October 1, 1981, *Woods* remains good law in this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

**2.** The moving defendants request that this Court transfer the "motion ... for consideration by the Chief Judge of the Northern District of Alabama...." Motion, p. 1. This court lacks the power to do so. *McCuin*, p. 126.